Herbert KAPAUN, Amar Upper Midwest, Inc., and Evelyn Phillips, Appellants,

v.

Walter DZIEDZIC, individually and as a member of the Minneapolis City Council and Consumer Services Committee, Sally Howard, individually and as a member of the Minneapolis City Council and Consumer Services Committee, Jacqueline Slater, individually and as a member of the Minneapolis City Council and Consumer Services Committee, Dennis W. Schulstad, individually and as a member of the Minneapolis City Counsel and Consumer Services Committee, Alice W. Rainville, individually and as a member of the Minneapolis City Council and Consumer Services Committee and

the City of Minneapolis, a Municipal Corporation, Appellees.

No. 81–2335.

United States Court of Appeals, Eighth Circuit.

Submitted March 29, 1982.

Decided April 2, 1982.

David L. Nagler, Minneapolis, Minn., for appellants.

Robert J. Alfton, City Atty., Mary M. Wahlstrand, Asst. City Atty., Minneapolis, Minn., for appellees.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

This is an appeal from the entry of summary judgment by the District Court[1] in favor of defendants, members of the Minneapolis City Council and its Committee on Licenses and Consumer Services, and the City of Minneapolis. The plaintiffs claim that the defendants' denial of an application for a liquor license resulted in violation of their rights to due process and equal protection under the Fourteenth Amendment. We hold that no substantial federal question is presented and therefore affirm.

I.

Plaintiff Phillips is the owner of an off-sale liquor store known as Bridge Liquors located at 204 West Broadway in Minneapolis, Minnesota. In 1974 plaintiff Herbert Kapaun leased Bridge Liquors from Ms. Phillips, and in due course was issued an off-sale liquor license for the premises by the Minneapolis City Council. Later he subleased the premises to various people, all of whom were issued licenses to sell liquor. Then, in 1978, Bridge Liquors was leased to Paul and Robert Bouthilet, who were also granted a license. This license, like all the others, was due to expire the following year if not renewed. The Bouthilets, however, failed to make the proper license payments, and the license expired on January 1, 1979. There was evidence that the expiration date of January 1, 1979, appeared on the license, along with a reminder to renew the license "before November 1, 1979." It is unclear whether this erroneous reminder led to the Bouthilets' failure to renew the license.

In any event, plaintiff Kapaun was unaware of the lapse until February of 1979. At that time he sought the assistance of plaintiff Amar Upper Midwest, Inc., to sell his interest. One prospective purchaser applied for an off-sale license, and it was denied. The City considered the application to be a request for a new license and therefore barred under Minneapolis Ordinance 362.40, which provides in relevant part:

After August 1, 1974, no off sale license shall be issued for a location, the main entrance of which is within a radius of two thousand (2,000) feet from the main entrance of an existing off sale location. Any license in existence on August 1, 1974, may be renewed or reissued for such locations without regard to such distance limitations.

Bridge Liquors is within 2,000 feet of two other off-sale liquor stores.

After this denial, Kapaun himself applied for a license, citing the language in Ordinance 362.40 exempting licenses in existence on August 1, 1974, from the territorial restriction. The City Attorney, however, interpreted the "renewed or reissued" language of the ordinance to require the existence of a license that had neither expired nor been revoked at any time prior to application. On October 13, 1979, after a hearing before the City Council Committee on Licenses and Consumer Services, Kapaun's application was denied.

Several months later this action was filed against the five members of the Committee on Licenses and Consumer Services and the City of Minneapolis. The plaintiffs' theory was that the actions of the City somehow denied them federal rights to due process and equal protection.

On August 31, 1981, counsel appeared before Judge Larson pursuant to a calendar call. Within a month thereafter, defendants filed a motion for summary judgment with accompanying affidavits. On October 9, 1981, an affidavit of prejudice directed to Judge Larson was filed by plaintiffs. On October 19 plaintiffs filed a motion which opposed the granting of summary judgment and requested that the case be "removed" to a Minnesota state court. After a hearing on these motions the District Court granted the motion for summary judgment, denied the request for "removal," and declined to disqualify itself.

1. The Hon. Earl R. Larson, Senior United States District Judge for the District of Minnesota.

## II.

It is unnecessary for us to add to the District Court's discussion of the plaintiffs' claims of violations of their rights to due process and equal protection under the Fourteenth Amendment. See 8th Cir. Rule 14. The crux of the matter is that the plaintiffs' case must stand or fall on the interpretation of Minneapolis Ordinance 362.40. No substantial issue is raised under the Fourteenth Amendment. As to the request that the case be "removed" to a state court, the District Court correctly explained to counsel for plaintiffs that the term "removal" refers to the transfer of a case from the state courts to the federal courts, and not the other way around.

The argument that the affidavit of prejudice should have been given effect also merits little discussion. The entire issue arose out of a statement made by the District Court to defendants' counsel at a pretrial hearing. The affidavit asserts that soon after plaintiffs' counsel stated that more discovery would be needed, Judge Larson suggested to opposing counsel that he move for summary judgment. Judge Larson further suggested that the affidavits previously introduced on the motion for temporary injunction would be sufficient to develop the facts for purposes of ruling on a motion for summary judgment. The comments complained of were in no way improper and were only a reflection of the Court's assessment of the status and merits of the case.

From our reading of appellants' brief it appears that, apart from their federal constitutional claims, they also sought to state a claim under Minnesota state law—that the savings clause in Minneapolis Ordinance 362.40 "grandfathered in" appellants' right to continue their use of the property. Appellants' Brief pp. 2, 7–9. The District Court's order does not specifically deal with any state-law claims, and of course its jurisdiction over such claims was pendent only. The normal practice where federal claims are dismissed prior to trial is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts. See *Stokes*

*v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981); *Pharo v. Smith*, 621 F.2d 656, 674–75 (5th Cir. 1980). As in *Stokes, supra*, we construe the District Court's order to dismiss the federal claims with prejudice, and to dismiss the pendent state-law claim without prejudice to plaintiffs' asserting it in a state court of competent jurisdiction.

The judgment is affirmed.